### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ANTAWAN CORPREW,** | * | |
| Petitioner, | * | |
| | | **Civil Action No.: RDB-20-608** |
| v. | * | **Criminal No.: RDB-02-567** |
| **UNITED STATES OF AMERICA,** | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OPINION

On June 8, 2005, *pro se* Petitioner Antawan Corprew ("Petitioner" or "Corprew") pled guilty to causing the death of another person, Gerald Hale, Jr., through the use of a firearm, which killing is murder as defined in 18 U.S.C. § 1111, in violation of 18 U.S.C. § 924(j). (ECF No. 1, 36.)  On September 5, 2006, Judge Andre M. Davis of this Court sentenced Corprew to 300 months incarceration.  (ECF No. 36.)[1]  Currently pending before this Court is Corprew's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 41), as well as two Motions to Appoint Counsel (ECF Nos. 40, 43) in which he asserts his need for assistance in seeking such relief.  On June 29, 2020, Corprew also filed a Motion for Summary Judgment (ECF No. 46) in which he argued that the Government's Response in Opposition to his Section 2255 Motion (ECF No. 45) filed on June 23, 2020 was untimely. The parties' submissions have been reviewed and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2018).  For the reasons set forth below, Petitioner's Motion to Vacate pursuant to 28

---

[1] Judge Davis has since retired.  This case was transferred to the undersigned judge on March 5, 2020.

U.S.C. § 2255 (ECF No. 41) is DENIED.  Petitioner's Motions to Appoint Counsel (ECF

Nos. 40, 43) and Petitioner's Motion for Summary Judgment (ECF No. 46) are also DENIED.

## BACKGROUND

On December 17, 2002 Corprew was indicted by a federal grand jury in a five-count

indictment.  (ECF No. 1.)  Count 5 of the indictment charged Corprew with causing the death

of another person, Gerald Hale, Jr., through the use of a firearm, which killing is murder as

defined in 18 U.S.C. § 1111, in violation of 18 U.S.C. § 924(j).  (*Id.*)  On June 8, 2005, Corprew

appeared before Judge Davis and pled guilty to Count 5 in accordance with a Plea Agreement.

According to the Plea Agreement's factual stipulations, the charges against Corprew

date back to events which occurred on October 24, 2001.  Around 10:30 p.m. that night Hale,

an eighteen-year-old boy, was kidnapped from the intersection of Boone and 20th Streets in

Baltimore City, Maryland.  On February 13, 2002, his body was found at the Van Bibber

Winters Run Water Treatment Facility in Harford County, Maryland.  While at first Corprew

denied that he was in any way involved with Hale's kidnapping and murder, he later admitted

that he was in the car when two other individuals picked up Hale, took him to a wooded area

in Harford County, Maryland, and shot him in the head.  Corprew initially stated that when

he heard gunshots he ran from the scene and that he never saw a gun.  However, in subsequent

interviews with investigators, Corprew admitted he was present in the wooded area where

Hale was murdered.  He watched as one individual ordered Hale to remove all of his clothing

and the other shot him twice in the head.  He then stated that he drove the two individuals

back to his apartment after the shooting.  In another interview with investigators, he admitted

that one of the two individuals asked him to hold onto the gun used to shoot Hale.  Corprew

stated that he then gave that gun to a neighbor, who in turn gave the gun to Corprew's brother, who attempted to stash it in some bushes nearby the Defendant's residence. The gun was later discovered by a young child, and one of the bullets removed from Hale's body was matched to such gun.

On September 5, 2006, Judge Davis sentenced Corprew to 300 months imprisonment. (ECF No. 36.) On July 15, 2019, Corprew filed a Motion to Appoint Counsel (ECF No. 40) asking this Court to appoint him counsel to assist him in seeking a sentence reduction based on the U.S. Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). On March 5, 2020, he filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 41). On May 27, 2020, Petitioner filed a second Motion to Appoint Counsel (ECF No. 43), again seeking assistance in this matter. On June 23, 2020, the Government filed a Response in Opposition (ECF No. 45), opposing a reduction in Corprew's sentence. Corprew filed a Motion for Summary Judgment (ECF No. 46) on June 29, 2020, arguing that the Government's response was untimely.

## STANDARD OF REVIEW

### A. Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255

This Court recognizes that the Petitioner is *pro se* and has accorded his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside, or correct his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral attack. *Hill*

3

*v. United States*, 368 U.S. 424, 426-27 (1962) (citing 28 U.S.C. § 2255).  "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'"  *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill*, 386 U.S. at 428 (1962)).

The scope of § 2255 collateral attack is far narrower than an appeal, and a "'collateral challenge may not do service for an appeal.'"  *Foster v. Chatman*, 136 S. Ct. 1737, 1758 (2016) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).  Thus, procedural default will bar consideration under § 2255 of any matters that "could have been but were not pursued on direct appeal, [unless] the movant shows cause and actual prejudice resulting from the errors of which he complains."  *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010) (citing *United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999)).

**B.  Motion for Summary Judgment**

Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A material fact is one that "might affect the outcome of the suit under the governing law."  *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson*, 477 U.S. at 248.  When considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial.  *Id.* at 249.  In

undertaking this inquiry, this Court must consider the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Libertarian Party of Va.*, 718 F.3d at 312; *see also Scott v. Harris*, 550 U.S. 372, 378 (2007).

## ANALYSIS

First, this Court notes that there is no Sixth Amendment right to counsel in collateral proceedings. *See Pennsylvania v. Finely*, 481 U.S. 551, 555 (1987). A court may appoint counsel to a *pro se* litigant seeking Section 2255 relief if the court determines "that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Rule 8(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that a court must appoint counsel only "[i]f an evidentiary hearing is required." *See* Rule 8(c) of the Rules Governing Section 2255 Proceedings. As Petitioner has adequately presented his claims and grounds for relief, there is no reason to appoint counsel at this time. The interests of justice do not require appointment of counsel, and no evidentiary hearing is necessary in this matter. Accordingly, Petitioner's Motions to Appoint Counsel (ECF Nos. 40, 43) are denied.

Second, this Court also notes that the Government's Response in Opposition to the Petitioner's 2255 Motion (ECF No. 45) was not untimely. On March 16, 2020, this Court ordered the Government to respond to the Petitioner's Motion within 60 days. (ECF No. 42) However, on April 10, 2020, Chief Judge Bredar of this Court issued Standing Order 2020-07 in which this Court ordered that all filing deadlines in all cases originally set to fall between March 16, 2020, and June 5, 2020 were extended by 84 days due to the ongoing COVID-19 pandemic. The Government Response was filed on June 23, 2020, well within the 84-day

extension.  Therefore, Petitioner's Motion for Summary Judgment (ECF No. 46) must be denied.

With respect to Corprew's Section 2255 Motion, Petitioner contends that the Supreme Court's decision in *Davis* established a new rule of constitutional law with retroactive applicability that allows this Court to revisit his 300-month sentence.  (ECF No. 41-1.)  In *Davis*, the Supreme Court considered the constitutionality of a federal criminal statute 18 U.S.C. § 924(c), which makes it a crime to use a firearm during or in relation to a crime of violence.  139 S. Ct. 2319.  Under § 924(c), a person who uses or carries a firearm "during and in relation to a crime of violence or drug trafficking crime" may be separately convicted of and sentenced for both the predicate violent or drug trafficking crime and the use or carrying of a firearm in furtherance of the predicate crime. 18 U.S.C. § 924(c)(1).  Section 924(c)(3), defines a "crime of violence" as "an offense that is a felony" and "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3).  Subsection (A) of § 924(c)(3) is referred to as the "force clause" or "elements clause," while subsection (B) is commonly referred to as the "residual clause." *See, e.g.*, *United States v. Walker*, 934 F.3d 375, 377 (4th Cir. 2019).  In *Davis*, the Supreme Court held that the residual clause of § 924(c)(3) was unconstitutionally void for vagueness, and therefore, that convictions and sentences based on the residual clause definition of "crime of violence" are invalid.  139 S. Ct. at 2336.  The force clause's definition, however, remains valid and

enforceable, such that § 924(c) convictions based on predicate offenses which meet that definition are valid even after *Davis*.

In his Section 2255 Motion, Petitioner Corprew argues that in light of the Supreme Court's decision in *Davis*, this Court should vacate his 300-month sentence. (ECF No. 41-1.) Corprew pled guilty to causing death through use of a firearm during and in relation to "a crime of violence," in violation of 18 U.S.C. § 924(j). (*Id.*) He argues that because his conviction was premised on an unconstitutionally vague definition of "crime of violence," his sentence is invalid. (*Id.*) However, this argument is without merit. Corprew's conviction under § 924(j) was predicated on the crime of murder defined by 18 U.S.C § 1111. As murder is clearly a crime of violence within the meaning of 924(c)(3)'s *force* clause, rather than the *residual* clause, *Davis* does not apply.

Section 924(j)(1) provides that "a person who, in the course of a violation of subsection (c), causes the death of a person through the use of a firearm," shall "be punished by death or by imprisonment for any term of years or for life" if the killing constitutes "murder" under 18 U.S.C. § 1111. In this case, Petitioner Corprew was charged under § 924(j) and ultimately pled guilty to the crime on the basis of his involvement in the murder of an 18-year-old boy. Corprew admits he was in the car that picked up the victim, was present at the scene of the murder, and held and attempted to dispose of the gun used to shoot the victim in the head. In *United States v. Williams*, the United States Court of Appeals for the Fourth Circuit clearly held that an individual may be convicted under § 924(j) for committing murder within the meaning of § 1111 even where the defendant did not directly kill the victim. 341 F.3d 350, 356-57 (4th Cir. 2003). In that case, there was evidence adduced at trial that the defendant

7

accompanied others to rob the victim, and that on the way to the victim's house, the defendant

was present when someone stated that if they robbed the victim, they would have to kill him.

*Id.* at 356.  The defendant was given a gun and was told to shoot at the victim "if he 'act[ed]

up.'"  *Id.*  The defendant did in fact shoot at the victim, however, he then handed the gun to

another individual, who ultimately shot and killed him.  *Id.*  The Fourth Circuit affirmed the

defendant's conviction on similar facts to the case at hand.

Nevertheless, the underlying facts of a conviction are not determinative of whether a

crime is considered a "crime of violence" within the meaning of the force clause.  As the

Fourth Circuit explained in *In re Irby*, "'[i]n determining whether an offense is a crime of

violence under either clause, [courts] utilize the categorial approach, which focuses solely on

the elements of the offense, rather than on the facts of the case.'"  858 F.3d 231, 233 (4th Cir.

2017) (quoting *United States v. McNeal*, 818 F.3d 141, 152 (4th Cir. 2016)).  The federal murder

statute, 18 U.S.C. § 1111, defines murder as "the unlawful killing of a human being with malice

aforethought."  Section 1111(a) explains that:

> Every murder perpetrated by poison, lying in wait, or any other kind of willful,
> deliberate, malicious, and premeditated killing; or committed in the perpetration
> of, or attempt to perpetrate, any arson, escape, murder, kidnapping, treason,
> espionage, sabotage, aggravated sexual abuse or sexual abuse, child abuse,
> burglary, or robbery; or perpetrated as part of a pattern or practice of assault or
> torture against a child or children; or perpetrated from a premeditated design
> unlawfully and maliciously to effect the death of any human being other than
> him who is killed, is murder in the first degree.

"Any other murder is murder in the second degree."  *Id.*  The statute also authorizes

punishment "by death or by imprisonment for life" for first-degree murder and "by any term

of years or for life" for second-degree murder.  *Id.* § 1111(b).

Looking to that § 1111 definition, the Fourth Circuit in *Irby* held that a conviction for second-degree retaliatory murder under 18 U.S.C. § 1513(a)(1)(b), which relies upon § 1111 for its definition of murder, was "a crime of violence under § 924(c)'s force clause because it '[h]as as an element the use, attempt use, or threatened use of [physical force against the person.'" 858 F.3d at 234-35 (citing *In re Hubbard*, 825 F.3d 225, 229 (4th Cir. 2016)). The Court explained that such result was "pellucid," "because unlawfully killing another human being requires the use of force 'capable of causing physical pain or injury to another person.'" *Id.* at 236 (collecting cases in which courts have held murder crimes are crimes of violence within the meaning of the force clause). The Fourth Circuit disposed of the petitioner's hypotheticals in which an individual could commit murder without actually applying direct force, holding "it is enough that the individual intentionally acted to place the victim in the path of an inevitable force." *Id.*

In *Niles v. United States*, the court specifically dealt with the question of "whether the underlying predicate crime for [the petitioner's] § 924(c) conviction qualifies as a crime of under the force clause," in a case where the underlying crime was the petitioner's use of a firearm to cause death, which constituted murder as defined by 18 U.S.C. § 1111. No. 4:01-cr-00198-DCN-1, 2019 WL 6170364, at *3 (D.S.C. Nov. 20, 2019). In that case, the petitioner pled guilty to knowingly using and carrying a firearm and in relation to and possessing in furtherance of a crime of violence, and in the course of that violation, brandishing the firearm and causing death through use of the firearm, such death constituting murder, as defined by 18 U.S.C. § 1111, in violation of 18 U.S.C. §§ 924(c) and 924(j). *Id.* at *1. The petitioner moved to vacate his sentence under § 2255, and the court considered the validity of his

sentence under *Davis*.  The court found the petitioner's conviction remained valid based on §
924(c)'s force clause, pointing to the Fourth Circuit's decision in *Irby* and numerous other
decisions in which courts have held that murder in violation of § 1111 is a crime of violence
within the scope of the force clause.  *Id.* at *3.  The court specifically held that *Davis* did not
apply and accordingly did not provide relief to the petitioner.  *Id.* at *4.

## CONCLUSION

For the foregoing reasons, Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set
Aside, or Correct Sentence (ECF No. 41) is DENIED.  Petitioner's Motions to Appoint
Counsel (ECF Nos. 40, 43) and Motion for Summary Judgment (ECF No. 46) are also
DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255,
this Court is required to issue or deny a certificate of appealability when it enters a final order
adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an
appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007).
A certificate of appealability may issue "only if the applicant has made a substantial showing
of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies a
petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that
reasonable jurists would find the court's assessment of the constitutional claims debatable or
wrong. *See Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473,
484 (2000). Because reasonable jurists would not find Petitioner's claims debatable, a
certificate of appealability is DENIED.

A Separate Order follows.


Dated:  March 11, 2020

                                    _____/s/_____
                                    Richard D. Bennett
                                    United States District Judge